UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 10 P 12: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROY OWENS,

Plaintiff,

v.

WILLIAM FRANCIS GALVIN, Secretary of the
Commonwealth of Massachusetts, et al.

Defendants.

CIVIL ACTION
NO. 04-11149-DPW

### AFFIDAVIT OF MICHELLE K. TASSINARI

I, Michelle K. Tassinari, on oath depose and state on personal knowledge and based on my review of the records of the Elections Division of the Office of the Secretary of the Commonwealth of Massachusetts (hereinafter, "the Elections Division") as follows:

1. I am legal counsel to the Elections Division and have held this position since April 2000.

2. Prior to holding the position of legal counsel, I was assistant legal counsel to the Elections Division form March 1998 to April 2000.

3. The Elections Division is responsible for administration of federal and state elections in the Commonwealth, including, among other things, responsibility for the printing of nomination papers, the receipt of certified nomination papers, and the printing of candidate lists and ballots, both official and absentee.

4. On May 14, 2004, Roy Owens submitted to the Elections Division nominating papers for the office of State Representative in the 5th Suffolk District.

5. Mr. Owens submitted a total of 23 nominating sheets containing a combined total of 214 certified voter signatures.

6.  Seven of the nominating sheets (containing 75 certified voter signatures) failed to state Mr. Owens' city or town of residence as required by Massachusetts law.

7.  Three of the nominating sheets (containing 17 certified voter signatures) failed to state Mr. Owens' political designation as required by Massachusetts law.

8.  One of the nominating sheets (containing 4 certified voter signatures) failed to state both the candidate's city or town of residence and political designation as required by Massachusetts law.

9.  Based on the omissions noted in paragraphs 6-8 of this Affidavit, the Elections Division rejected 11 of the nominating sheets that Mr. Owens submitted, and the 96 certified voter signatures contained on those sheets were not eligible to be counted toward the statutorily-imposed minimum number of certified voter signatures required for ballot placement, which for the office of State Representative is 150 certified voter signatures.

10. Mr. Owens submitted only 118 certified voter signatures or 32 less than required for ballot placement as a candidate for the office of State Representative.

Signed under the pains and penalties of perjury this 9th day of June, 2004.

_____
Michelle K. Tassinari

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6-10-04