UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROY OWENS
Plaintiff

CIVIL ACTION

NO. 04-11149-DPW

v.

William Francis Galvin, Secretary of the Commonwealth;Election Division,
John Donovan, Chairman of the Board of Election Commission,
City of Boston, Board of Election commission,City of Boston and et al.,

Defendant

## PLAINTIFF OBJECTION TO SECRETARY OF THE COMMONWEALTH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come the Plaintiffs in the above-captioned matter respectfully, oppose the Defendants Motion to Dismiss for the following reasons.

(1) PLAINTIFFS, ROY, MOVES TO OPPOSE THE DEFENDANTS MOTION TO DISMISS ON THE GROUNDS THAT HE FAILS TO STATE A COGNIZABLE CLAIM, BY WHICH THIS HONORABLE COURT CAN GRANT DEFENDANTS RELIEF, BECAUSE THE PLAINTIFFS HAS NOT ALLEGED CORRECT LEGAL THEORY.  WHILE THE DEFENDANTS QUESTIONS ARE REDUNDANT AND SUPERFLUOUS AS WELL AS IRRELEVANT, "PLAINTIFF CAN WITH STAND MOTION TO DISMISS IF HE HAS ALLEGED FACTS THAT ENTITLE HIM TO ANY FORM OF RELIEF, EVEN IF HE HAS NOT ALLEGED CORRECT LEGAL THEORY IN HIS COMPLAINT".  NADER V. CITRON, 372 MASS., 96, 104 (1977)."PLAINTIFF'S STATEMENT OF CLAIMS GIVES FAIR NOTICE TO THE DEFENDANTS AND IS THUS ADEQUATE TO WITHSTAND A MOTION TO DISMISS UNDER FED. R. CIV. P. 12 (B) (6). SEE SIEGEL, 13 MASS. APP. CT. 258, 266 (1974)."

Plaintiff has several issues:

Part I    The Defendant has set up <u>duel system</u> which disenfranchise and discriminate against, black in and urban ares, the voting poor in general and all candidates in local election across the Commonwealth.

1. Candidates for district offices must enroll by February 24 are be disenfranchised, they required to know the all the election law in advance.**(They are Restrained)** violation of Mass. Cons. Article I, IX and XVI.

2. Candidate for statewide offices may enroll on March 2, 7 days later, on the same day as the Presidential

2. Candidate for statewide offices may enroll on March 2, 7 days later, on the same day as the Presidential Primary, they are not disenfranchised, they are not required to know anything about pre- Mass. Election Law, they are free and **not restrained**.. The Defendant have not demonstrate a state legitimate interest for this regulating of Independent candidates or any other candidates.

Violate Brown V. Board Education of Topeka, Kansas, 1954 Separate, but not equal doctrine.(See Exhibit A-5 Also this is a violation of the 14 th Amendment of equal protection of the Law. (See Ex A-4) Violation of Article 1 of the Constitution of Massachusetts equality and happiness, (See Exhibit A-1) Article IX having an equal right to election (See Exhibit A-2) and Article XVI ("The liberty of the press is essential to the security of freedom in a state: it ought not therefore, to be restrained in this commonwealth.") where candidate turn out more press than any other body. The Defendant Duel system Disenfranchise the majority of the voter in Massachusetts which are the Independent voters. Independent voters (App. 2 Million) in Massachusetts are larger than the Democrat (1,442,897) and the Republican ( 530,512) party together. This is a one party State, where about 70% to 100% of all offices are held by Democrat, who out number the Republican 3 to 1. The Democrat run unopposed because of unfair advantage they have created. They have design unfair legislation similar to the Poll Tax Laws , Literacy Testand Grandfather Clause, Allowed only blacks who had proof of Grandfathers voting in 1867. Independent who vote will automatically became enrolled in the Democrat party unknownlying. simply by just voting, with signing a card on or being informed he /she enrolled in a party and has become Disenfranchise, loosing all their right's to run for any office as an independent candidate, Democratic, Republican or in any other party etc. The rules are stacked against an open and fair election. . candidate disenfranchise , where candidates running for local State offices and those running in state wide races are not treated equally.

The Defendant has quoted some Laws denying Plaintiff access to the ballot, however, The Defendant have not demonstrate a state legitimate interest for this regulating of a duel system denying Independent candidates and other candidates equal access to the ballot.

**Part 2 .** Because the majority of the candidate who hold office in Massachusetts are Democrat, the Defendant have put on candidates on the ballots, who was not eligible to be on the ballot.

In a hearing before The Boston Ballot Law Commission Wednesday August 7, 1990. The Defendant City of Boston Election Commission ( See Ex . A-6) which uses the same standard as the Massachusetts State Election Commission . ( See Ex., A-6 page 3) Certified Anthony Crayton a registered Democrat, nomination papers for elected office even thou he was clearly not eligible.

      1. Crayton did not live in the District, he had voted in another district as of November of 1989 and had only move into the district to run for public office and the Boston Election Records verify these facts.

      2. Crayton did not have enough signature to be on the ballot

      3. Crayton did not sign his nomination papers as required by law.

Plaintiff filed a complaint in the Superior Court, Appealing the decision to the Appellant Court (id Ex 7) and the United States District Court (Exhibit A-10 p-2) Defendant argue in it's Federal Court briefing that the Federal Court should let the lower Court Ruling Stand.

Plaintiff Brief for Appellant in Roy Owens V. City of Boston Election Department and Anthony Crayton case # 92-P-889 (Also see Ex hibit A-7 pg. 2-3) The Defendant claimed pre-election irregularities are in fact cured by the voter of the people. Brown v. Hanson, 17 Mass. app. Ct., 932 (1983) (Also see A-8 Page 2-4). The State Court have supported the Registry or Ballot Law Commissioners right's to enter candidate name upon ballot as it felt there was no bad faith intended. (See Ex. A-9Id. Brown v. Hanson) The Defendant claimed the decision should be left to the voters and the Court should not interfere. The defendant now want to Court to rule against their own decision. Plaintiff request Brown v Hanson Stand as it did in the Roy Owens v. City of Boston Election Commission and Anthony Crayton. Plaintiff here agree with the defendant and request this Honorable Court to let the voter decided pre- election irregularities, where there is no fraud or bad faith intended.

ANNOTATED LAW OF MASS CIV R 9 AGE 216) AND JONES VS. UNITED GAS IMPROV. CORP. ETC (1974 ED PA) PLAINTIFF CAN WITHSTAND MOTION TO DISMISS IF HE HAS ALLEGED FACTS THAT ENTITLE HIM TO ANY FORM OF RELIEF, EVEN IF HE HAS NOT ALLEGED CORRECT LEGAL THEORY IN HIS COMPLAINT. NADER V. CITRON, 372 MASS., 96, 104 (1977).

In all the cases involving The Supreme Court in Storer v. Brown the defendant was long standing member of another party in which they actively participated in with their full knowledge and switch to become independent in order to oppose their party candidate. Secondly the Supreme Court narrowed down the state interest to candidate who had lost in a primary and the final election to keep them from running in the Run off Election after being rejected by their party. Plaintiff Roy Owens was not a member of any other party he was an independent, and was not aware that by voting in a primary he had automatically change his voting status.

Under Mass. R. C. P. 8. All that is necessary is that the defendants be put on notice of theory of plaintiff's case. See Penderson v. Times, Inc. (1989) 404 Mass 14, 532 NE2d 1211, 16 Media L R 1382.And see Nader v. Citron (1977) 372 Mass 96, 360 NE2d 870. And Whitinsville Plaza, Inc. v. Kotse as (1979, Mass) 1979 Adv Sheets 1262,

390 NE2d 243.

In addition under (E) of the Rule the proper procedure used to attack a pleading that is vague and ambiguous is by Motion for a definite statement not by Motion to Dismiss. See Fredorchak v. Montgomery Ward (1995, DC Pa) 18 FRD. 1. Also a complaint is sufficient if only one of several alternative claims set forth facts on which relief can be granted. See Keiser v. Walsh (1941) 73 App. DC 167, 118 F2d. 13.

The Plaintiff's complaint does comply with 10 (a), (b),(c) and (d). Also see Egale v. Horvath (1965, SD NY) 241 F Supp. 341, 9 F R Serv 2d 10b. 21, Case 1, Motion den (1965, SD NY) 241 f supp 345, CCH Fed Secur L Rep P 91507. Furthermore, the defendants Memorandum of Law Motion lacks clarity and specificity.

Under Mass. Civil Procedure Rule 9, the Plaintiffs does allege sufficient facts to survive Motion to Dismiss. See Jessie v. Boyuton (1977) 372 Mass, 361 NE2d 208. Once again the defendant Memorandum of Law Motion lacks clarity and specificity, Defendant does not deal with the issue of duel system of seperate but equal electoral system. "PLAINTIFF'S STATEMENT OF CLAIMS GIVES FAIR NOTICE TO THE DEFENDANTS AND IS THUS ADEQUATE TO WITHSTAND A MOTION TO DISMISS UNDER FED. R. CIV. P. 12 (B) (6). SEE SIEGEL, 13 MASS. APP. CT. 258, 266 (1974)."

The conclusion Rule 12 (b) (6) Provides that no Matter how likely it may seem that pleader will be able to prove case he/she is entitle upon averring claim, to be given and opportunity to prove his/her case and complaint is not subject to dismissal. See Pointer v. American Oil Co. (1968, SD Ind) 295 F Supp. 573. And unless it appears to certainty that the Plaintiffs is entitle to no relief on stated facts which would be proved, complaint must be sustained. Also see United States v. Cattaraugus County (1946, DC NY) 67 F Supp. 294. For these reasons and Rule of Law, the Plaintiffs complaint must be sustained in Opposition to the Defendant's Motion to Dismiss.

SIGN UNDER THE PAINS PENALTIES OF PERJURY

16 DAY OF JUNE 2004

ROY OWENS, Pro se
6 WOODVILLE ST.
ROXBURY, MA 02119
Tel- 541-4335

RECEIVED BY_____
SERVED BY_____

CC:
Att: James J. Arguin (BBO) No. 557350
Assistant attorney General
One Ashburton Place, Room 2009
Government bureau
Boston, Massachusetts 02108-1698
(617) 727-2200, 310.04777750.. 2074

and were served by hand to the ( PRO SE CLERK OF COURT- CIVIL ACTION / UNITED STATES DISTRICT COURT CLERK'S OFFICE/ SUITE 2300 / UNITED STATES COURTHOUSE / 1 COURTHOUSE WAY / BOSTON, MASSACHUSETTS 02210. TELEPHONE 3 617-748-9152.