```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


ROY OWENS,                        )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )   CIVIL ACTION NO.
WILLIAM FRANCIS GALVIN,           )   04-11149-DPW
Secretary of the Commonwealth;    )
JOHN DONOVAN, Chairman of the     )
Boston Election Commission; and   )
the BOSTON ELECTION COMMISSION,   )
                                  )
          Defendants.
```

MEMORANDUM AND ORDER
October 13, 2004

In this pro so complaint, plaintiff challenges his disqualification as an independent candidate for State Representative. It appears that a number of plaintiff's nominating sheets containing certified voter signatures were disqualified variously for failure to identify either or both plaintiff's city of residence or political designation. As a consequence of these disqualifications, plaintiff did not have enough certified voter signatures to qualify for ballot placement.

Plaintiff was also disqualified under Mass. Gen. Laws ch. 53, § 6 because he is attempting to run as a non-party candidate despite the fact that he failed to file the required certificate from his city or town's registrar of voters stating that he had not been an enrolled member of any political party throughout the

90 days preceding the filing deadline.  Plaintiff was unable to obtain such a certificate since he voted as an enrolled Democrat in the 2004 presidential primary, the date of which fell within the 90-day period before the filing deadline.  Although his pleadings are not altogether clear, plaintiff seems to be making a federal constitutional challenge to his ineligibility under Mass. Gen. Laws ch. 53, § 6.

The defendant Secretary of State has moved to dismiss the complaint.  I will grant that motion.

1.  As with his nominating sheets, plaintiff has failed to file proper papers in this case to advance his position.  Despite a substantial period of time in which to do so, he has neglected to complete and sign his "Application to Proceed Without Prepayment of Fees and Affidavit."  While this is an adequate and independent ground upon which to direct dismissal, I will, for purposes of completeness, address alternative grounds by assuming *arguendo* plaintiff has demonstrated entitlement to proceed *in forma pauperis*.

2.  Plaintiff's federal claims are without merit.  The right to vote and the right to "associate for political purposes through the ballot" are not absolute. *Gill v. State of Rhode Island*, 933 F. Supp. 151, 154 (D. R.I. 1996) (citing *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)).  Plaintiff has failed as a

matter of procedure and as a matter of substance to demonstrate that his qualified ballot rights have been violated.

The United States Supreme Court has directed courts reviewing First and Fourteenth Amendment challenges to ballot access restrictions to assess the burden placed on the rights of candidates for office, and also the interests of the state that may justify that burden.  See Anderson v. Celebrezze, 460 U.S. 780, 789 (1983).  Reasonable, nondiscriminatory restrictions that serve important regulatory interests should generally be upheld. Burdick, 504 U.S. at 434.

    a.   As a matter of procedure, election law, as it pertains to state and local elections, "is for the most part a preserve that lies within the exclusive competence of the state courts."  Bonas v. Town of North Smithfield, 265 F.3d 69, 74 (1st Cir. 2001) (citing Powell v. Power, 436 F.2d 84, 86 (2d Cir. 1970)).  Federal courts are not authorized to resolve "garden variety election irregularities."  See Bonas, 265 F.3d at 74 (internal quotation marks omitted); see also Griffin v. Burns, 570 F.2d 1065, 1077 (1st Cir. 1978) ("local election irregularities, including even claims of official misconduct, do not usually rise to the level of constitutional violations where adequate state corrective procedures exist").

Here, the customary method for obtaining review and corrective action regarding candidate disqualification is in the state courts pursuant to Mass. Gen. Laws ch. 56, § 59.  See

McCarthy v. Sec'y of the Commonwealth, 371 Mass. 667, 675-77 (1977) (holding that State Ballot Law Commission's jurisdiction encompassed considering objections to apparently valid nominations but not challenges by potential candidates that they "ought to be considered nominated when their papers are in apparent nonconformity"; such candidates were to file suit in Superior Court under Mass. Gen. Laws ch. 56, § 59); Randall and Franklin, Municipal Law and Practice (4th ed.), Mass. Practice Series vol. 18B, § 1866, n. 19.  Yet, plaintiff has apparently failed to avail himself of those procedures.  This court is not available as an alternative forum to address non-constitutional grounds for declining to qualify plaintiff for ballot placement.

      b.   As a matter of substance, to the extent plaintiff complains that he was unconstitutionally held ineligible to run for state representative because he voted in the presidential primary, I find Massachusetts election law constitutional.  The First Circuit has recently concluded that the interests of Massachusetts in regulating access to the benefits of party affiliation outweighs the burdens imposed by Mass. Gen. Laws. ch. 53, § 6, McClure v. Galvin, No. 04-1803, 2004 WL 226011 (1st Cir. Oct. 7, 2004); the Massachusetts scheme "forces potential candidates for office to think ahead before the filing deadline, thus weeding out frivolous candidacies and only permitting serious candidates to go forward."  Id. at *7.  See also Storer v. Brown, 415 U.S. 724 (1974); Metros v. Sec'y of the

Commonwealth, 396 Mass. 156 (1985).

    3.    To the extent that plaintiff's remaining claims may be construed to raise state tort law, they will be dismissed without prejudice. A federal district court may decline to exercise supplemental jurisdiction if it has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); Gonzalez-De-Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004). Thus, as a general rule, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit will trigger the dismissal without prejudice of any supplemental state law claims. Id. (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)).

## CONCLUSION

For the reasons set forth more fully above, the Clerk is directed to dismiss this action.


/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE